CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 26 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CARLOS ERNEST COWARD,** | ) | CASE NO. 7:11CV00345 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Carlos Ernest Coward, a federal inmate proceeding pro se, filed this action, which the court construes as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his federal sentence. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for lack of jurisdiction.

I

Coward was arrested on state criminal charges in December 2005. He was released on bond, entered into a plea bargain, and was awaiting sentencing. In December 2006, federal agents arrested Coward and detained him on federal criminal charges. In January 2007, however, he was transported to state court for sentencing. While the federal proceedings were under way, he was also transferred between two local jails. He argues in his current petition that he did not receive appropriate credit against his federal sentence for jail time served before he was sentenced on the federal conviction. He states that he first became aware of this alleged discrepancy on June 28, 2011, while working with his case manager at USP Pollock in Pollock, Louisiana.

## II

Once an inmate has begun to serve his federal sentence, the United States Attorney General, rather than the court, has the responsibility for executing the sentence, including assigning credit for jail time served before sentencing. See United States v. Wilson, 503 U.S. 329, 333-34 (1992) (interpreting 18 U.S.C. 3585(b)). The Attorney General has delegated this authority to the Bureau of Prisons (BOP). United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Because the court is not responsible for execution of sentences, judicial review of claims related to sentence execution (including jail credit claims) is available only where the petitioner establishes that he has exhausted available administrative remedies available through the BOP. See 28 C.F.R. §§ 542.10-542.16. See also United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994) (judicial determination of jail credit before administrative remedies complete vacated as premature). After the final decision by BOP officials, a dissatisfied prisoner may seek judicial review of that administrative action by filing a petition under 28 U.S.C. § 2241 in the district court with jurisdiction over the facility in which petitioner is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

Because the petitioner in this case is not confined within the jurisdiction of this court, this court has no jurisdiction to address his jail credit claims under § 2241. The court could transfer the petition to the appropriate court, but nothing in the record suggests that Coward has yet utilized the BOP administrative remedies available to him, as he must do before any court can address his jail credit arguments. Once he has completed this exhaustion process, he may submit a § 2241 petition to the United States District Court for the Western District of Louisiana, the court with jurisdiction over the prison where he is currently housed. Without any indication of

exhaustion at present, however, the court will dismiss Coward's current petition without prejudice for lack of jurisdiction. An appropriate order shall be issued this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 25th day of July, 2011.

/s/ Glen Conrad
Chief United States District Judge